**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**In re:**

**STEFFEN, TERRI L**                                        **Case No. 01-09988**
                                                           **Chapter 7**
**Debtor.**
_____/

**ERNEST B. HAIRE, III,**

**Plaintiff**

**v.**                                                     **Adv. Pro. No. 08-00416**
                                                           **(Consolidated Proceedings)**
**TERRI L. STEFFEN,**

**Defendant**
_____/

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

**v.**                                                     **Adv. Proc. No: 08-00139**
                                                           **(Consolidated Proceedings)**
**TERRI L. STEFFEN,**

        **Defendant.**
_____/

**DOUGLAS N. MENCHISE,**
**Chapter 7 Trustee,**

        **Plaintiff,**

**v.**                                                     **Adv. Proc. No: 08-00389**
                                                           **(Consolidated Proceedings)**
**TERRI L. STEFFEN,**

        **Defendant.**
_____/

## TRUSTEE'S MOTION FOR CONTEMPT AGAINST MICHAEL PETERS

SLK_TAM: #1104226v1                    1 of 7

Douglas N. Menchise, as Chapter 7 Trustee (the "Trustee"), pursuant to Rules 7026, 7037, and 7045 of the Federal Rules of Bankruptcy Procedure, files this his Motion for Contempt against Michael Peters ("Motion for Contempt"), and in support thereof states as follows:

**Background**

***Pending Adversary Proceedings and Contested Matters***

1. As the Court is aware, there are three adversary proceedings pending in this matter seeking a denial of the Debtor, Terri L. Steffen's, discharge based upon the Debtor's failure to disclose assets of the estate. On November 25, 2008, this Court entered its Order Granting Motion to Consolidate the three contested matters (Adv. 08-00416 Doc. 8): *United States v. Steffen,* case no. 08-00139, *Menchise v. Steffen,* case no. 08-00389, and *Haire v. Steffen,* case no. 08-00416 (the "Consolidated Proceedings").

2. There is also a pending contested matter between the Debtor and the Trustee related to identification and turnover of personal property of the Estate, including the disposition of luxury household items identified in the Debtor's Schedule located with the real property at 16229 Villarreal de Avila, Tampa, Florida 33613 (the "Villarreal Property").

3. Additionally, the Debtor's interests in corporate entities is personal property of the Estate. The Debtor has disclosed and admitted that at least two of her corporate entities—Overseas Holding Limited Partnership ("OHLP") and Bicoastal Holdings Company—were her alter egos, despite the purported corporate structure, even attempting to claim Homestead status of property owned by OHLP.

4.      The Trustee has reason to believe that the Debtor has created additional entities solely to conceal assets of the estate, for which she has absolute control, notwithstanding the corporate structure.  One of these entities, Daer Holdings, LLC, is the current title holder to the Villarreal Property.  Michael Peters is a manager of Daer Holdings, LLC.

*Notice of Deposition and Subpoena To David Slavinsky*

5.      On February 20, 2009, the United States served a Subpoena upon Mr. Peters to appear for deposition in the Consolidated Proceedings, and to produce documents for inspection, on March 19, 2009 at 1:00 p.m. at the U.S. Attorney's Office in Tampa, Florida.  A true and correct copy of the United States' Subpoena is attached as **Exhibit 1.**

6.      On March 6, 2009, the Trustee also served a Subpoena upon Mr. Peters to appear for a deposition in the Consolidated Proceedings at the same time and place as the United States' Subpoena.  A true and correct copy of the Trustee's Subpoena and Proof of Service is attached as **Exhibit 2.**

*Denial of Motion to Quash and Motion for Protective Order*

7.      On March 9, 2009, Mr. Peters, through his attorney David E. Hammer, filed a Motion to Quash (Adv. 08-00416 Doc. 21), alleging, among other things, relevance, harassment of the witness, harassment of the Debtor, and, with regard to the Trustee, the failure to hold a Rule 26(f) conference.

8.      On March 17, 2009, the Court held a hearing on the Motion to Quash, whereby the Court denied the Motion to Quash, expressly permitting the Trustee and the United States to go forward with the deposition of Mr. Peters.

9.      Sometime on the morning of March 17, 2009, prior to the above hearing, Mr. Hammer filed a Motion for Protective Order directed towards the deposition of Mr. Peters, among others--this time on behalf of the Debtor. (Adv. 08-416 Doc. 29).  The basis for the Debtor's Motion for Protective Order was identical to the Motion to Quash filed on behalf of Mr. Peters, yet Mr. Hammer made no mention of the Motion Protective Order to the Court at the hearing on the Motion to Quash.

10.     On March 18, 2009, the Court, on its own accord, denied the Motion for Protective Order on the same grounds it had denied the Motion to Quash..  A true and correct copy of an email from Dedra Gann to all parties, memorializing the denial and seeking a proposed order from Mr. Hammer, is attached as **Exhibit 3.**

11.     Neither Mr. Peters nor his attorney, prior to March 19, 2009, ever made an objection to the time, date or location of the deposition as set forth in the Trustee's Subpoena.

*Michael Peters' Failure to Appear*

12.     Mr. Peters failed to appear for his March 19, 2009 deposition.  A copy of the Certificate of Non Appearance will be filed with the Court upon receipt.

13.     On the morning of March 19, 2009 during a deposition of another member of Daer Holdings, David Slavinsky, Mr. Hammer advised that Mr. Peters was not going to attend his deposition because of a conflicting appointment.  Prior to March 19, 2009, neither Mr. Peters nor his attorney, ever made an objection to the time, date or location of the deposition as set forth in the Trustee's Subpoena.  Indeed, Mr. Peter's unavailability was not even mentioned during the hearing on the Motion to Quash.  Instead, Mr. Hammer again waited until the day of the deposition—as he has consistently done in response to all subpoenas and notices of deposition in this case—to notify the Trustee of Mr. Peters' unavailability.

14. The Trustee did not excuse Mr. Peters appearance, nor agree to reschedule the deposition.

**Basis for Relief**

15. Mr. Peters' failures to appear for the March 19, 2009 deposition is just another—in a what has become routine—action before this Court to thwart the Trustee's ability to administer the assets of the Estate and prevent the Trustee (as well as other creditors) from performing discovery in this case and related proceedings.

16. Pursuant to Rule 45 of the Federal rules of Civil Procedure, this Court may hold Bilzerian in contempt for failure to appear for his properly noticed deposition. *See In re EZ Pay Services, Inc.,* 389 B.R. 776 (Bkrtcy. M.D.Fla. 2008) ("Failure to obey a subpoena is punishable as a contempt of the issuing court."). "The purposes of sanctions in a civil contempt proceeding are to coerce the contemnor into complying with an order of the court and to compensate the harmed party for losses sustained on account of the contempt." *Id.*

17. Pursuant to the above, Mr. Peters' failure to appear for deposition is neither legally nor factually justifiable and therefore he should be held in contempt of this Court, and this Court should (i) order Mr. Peters to pay all fees and costs associated with this Motion for Contempt, (ii) compel Mr. Peters to appear for the above-described depositions at a date and time to be designated by this Court at the hearing on this matter, and (iii) direct the United States Marshall to take Mr. Peters into custody until such time as he complies with his discovery obligations.

18. Indeed, without such a contempt ruling and confinement order, it is doubtful that Mr. Peters or Mr. Hammer will ever willingly allow a deposition in this case or related proceedings to go forward without objection.

WHEREFORE, Douglas N. Menchise, as Chapter 7 Trustee, respectfully requests this Court enter an Order (i) holding Michael Peters in civil contempt; (ii) imposing appropriate sanctions in order to compensate the Trustee for the costs and fees incurred as a result of Mr. Peters' non-appearance, including the attorney fees and costs associated with this Motion for Contempt; (iii) compelling Mr. Peters to appear for the above-described deposition at a date and time to be designated by this Court at the hearing on this matter; (iv) ordering the United States Marshal to take Mr. Peters into custody pending his compliance with his discovery obligations and (vi) granting any other and further relief this Court deems just and appropriate.

**Dated: March 19, 2009**          **SHUMAKER, LOOP & KENDRICK, LLP**

By: /s/ Steven M. Berman
   **Steven M. Berman, Esq.**
   Florida Bar No. 856290
   **Seth P. Traub, Esq.**
   Florida Bar No. 022088
   101 E. Kennedy Blvd., Ste. 2800
   Tampa, Florida 33602
   Phone: (813) 229-7600; Fax: (813) 229-1660
   *Counsel for the Trustee*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on March 19, 2009  the foregoing **Motion for Contempt**

**Against Michael Peters** has been furnished via Electronic Noticing or via U.S. Mail to:

**David E. Hammer, Esq**.
David E Hammer PA
212 Crystal Grove Boulevard
Lutz, Florida 33548
*Counsel for the Debtor*

**Edward J. Peterson, III, Esq.**
Stichter, Riedel, Blain & Prosser, PA
110 East Madison Street, Suite 200
Tampa, Florida 33602
*Counsel for the Debtor*

**Theresa M Boatner**
Office of the United States Trustee
Timberlake Annex, Suite 1200
501 E. Polk Street, Tampa, Florida 33602

**Mary Apostolakos Hervey**
United States Department of Justice
Post Office Box 14198
Ben Franklin Station, Washington, DC 20044

**Ernest B. Haire, III**
9545 N. Florida Ave
Tampa, Florida 33612

**Clerk of the United States Bankruptcy
Court for the Middle District of Florida**
c/o Charles Kilcoyne, Deputy-in-Charge,
Sam Gibbons Courthouse
801 N. Florida Avenue, Ste. 555
Tampa, Florida 33602

**Office of the United States Marshall**
Sam M. Gibbons U.S. Courthouse
801 N. Florida Avenue, Fourth Floor
Tampa, Florida  33602

**David E. Hammer, Esq**.
David E Hammer PA
212 Crystal Grove Boulevard
Lutz, Florida 33548
*Counsel for Mr. Peters*

And by FedEx to:

**Michael Peters**
28461 US Highway 19 North
Clearwater, Florida 33761

/s/ Steven M. Berman
**attorney**